## Samuel G Stinson *vs.* Lemuel Clark.

If a *bona fide* purchase of personal property has been made, and the price paid, slight acts are sufficient to show a delivery that will avail the buyer against the claims of third persons.

Tort against a constable for the conversion of eight hundred and sixty horse shoes.

A trial by jury was waived in the superior court, and the case was heard before *Putnam,* J., who found that the plaintiff made a *bona fide* purchase of the horse shoes from Royal Ingraham, their owner, for $40, which he paid; and Ingraham, taking one shoe, said, " Take them ; these are the shoes ; I deliver them to you." The shoes, by agreement between the parties, were left in the shop occupied by Ingraham, and a few days afterwards the plaintiff went there and saw them remaining there just as he had left them, but did nothing about removing them ; and they were afterwards attached by the defendant on a writ against Ingraham in favor of N. Lamson & Co. The judge ruled that this was evidence from which it was competent to find a sufficient delivery and change of possession of the property, and found that there was such delivery and change of possession, and rendered judgment for the plaintiff. The defendant alleged exceptions.

*J. D. Ball,* for the defendant.

*B. C. Moulton & A. B. Davis,* (*D. F. Crane* with them,) for the plaintiff.

Metcalf, J. If this case had been tried by a jury, and they had found that there was a delivery of the horse shoes to the plaintiff, we should not have set aside their verdict for that cause. Nor do we sustain the exceptions taken to the ruling of the judge to whom the parties submitted their case.

To make the sale by Ingraham effectual as against his attaching creditors, Lamson & Co., it was necessary that there should be a delivery of the property to the plaintiff. *Packard* v. *Dunsmore,* 11 Cush. 282. But when a contract of sale is *bona fide,*

and payment is made, in full or in part, of the price, slight acts are sufficient to show a delivery that will avail the buyer against the claims of third persons. See *Shumway* v. *Rutter*, 8 Pick. 447 ; *Phelps* v. *Cutler*, 4 Gray, 138 ; *Hardy* v. *Potter*, 10 Gray, 89. In the case of *Calkins* v. *Lockwood*, 17 Conn. 154, the parties to a sale of iron met at the place where the iron was, and agreed upon the price and the mode of payment, and thereupon the seller said to the buyer, " I deliver you this iron at that price." Before the iron was removed by the buyer, it was claimed and taken away by a third person. It was decided that there was a delivery by the seller, and that the sale was valid. See also *Barrett* v. *Goddard*, 3 Mason, 107 ; Hilliard on Sales, (2d ed.) *c.* 7. *Exceptions overruled.*